## STATE ex rel. R. A. KELLY v. JAMES L. JOHNSON.[1]

August 22, 1913.

Nos. 18,030—(21).[2]

**Court rule.**

Motion, under rule 13, to affirm for failure of appellant to furnish points and authorities, granted. [Reporter].

Motion of respondent granted, under rule 13, to affirm the order of the district court for Ramsey county for appellant's failure to furnish points and authorities. Motion to set aside the order granting the motion to affirm, and the judgment entered thereon, denied.

*John F. Kelly*, for appellant.

*S. B. Houck*, for respondent.

PER CURIAM.

The relator appealed to this court from an order of the district court refusing a peremptory writ of mandamus, and also from an order denying a motion to vacate or modify the same, to stay proceedings in an action brought in justice

---

[1] Reported in 142 N. W. 1135.          [2] April, 1913, term calendar.

court to obtain a judgment for $18 and interest, because the relator, the defendant in justice court, had been adjudged bankrupt upon his own application made subsequent to the bringing of the action. On January 14, 1913, a return was filed in this court, and the cause was entered on the calendar for the April term following. On the first day thereof, respondent moved to affirm under rule 14 [now rule 13] for appellant's neglect to furnish and deliver cases and points. It appeared that no printing had been done or was contemplated. The motion was heard and granted on April 2.

On April 7, relator filed a petition for rehearing of the motion to affirm for lack of jurisdiction, and because, among other reasons, the rule is "unconstitutional, unlawful, illogical and void." This application was heard, considered and denied. On April 22, costs were taxed in respondent's favor, the relator objecting on the grounds stated in his petition of April 7, and others, in the sum of $34, including $25 statutory costs. Relator appealed from the taxation, urging the same grounds, and, on April 29, the taxation was affirmed. On June 10, relator served notice upon respondent that he would move on June 20, "by leave of court, * * * to vacate and set aside the order of April 2, and judgment thereon affirming the order of the court below and the taxation of costs thereon under the rules of said court." The same grounds theretofore urged, with others, are stated as the basis of the application. On June 17, relator filed with the clerk a request to "dismiss or strike the cause from the docket and records" as of March 23, 1913, without costs except those of the clerk for filing the appeal.

We have considered the application of June 20, and the same is denied.